# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DARYL SHURN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:16-cv-1925-CDP |
| ) | |
| TROY STEELE, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Daryl Shurn, an inmate at the Eastern Reception and Diagnostic Correctional Center, to commence this action without prepayment of the filing fee. (Docket No. 2). For the reasons stated below, the motion will be granted and plaintiff will be assessed an initial partial filing fee of $6.65. In addition, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff has submitted a certified inmate account statement showing an average monthly balance of $33.26 during the six months immediately preceding the filing of the complaint. The Court will therefore assess an initial partial filing fee of $6.65, which is twenty percent of plaintiff's average monthly balance.

## Standard of Review

Title 28 U.S.C. § 1915(e)(2)(B) provides, with respect to litigants proceeding *in forma pauperis*, the court "shall dismiss the case at any time" if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i) – (iii). A claim is frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319 (1989). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To state a claim to relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim is a context-specific task

that requires the reviewing court to draw upon its judicial experience and common sense. *Id*. at 679.

Pro se pleadings are liberally construed, and are held to a less stringent standard when considering whether to dismiss the case for failure to state a claim. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Horsey v. Asher*, 741 F.2d 209, 211 n. 3 (8th Cir. 1984). Even so, a pro se complaint must contain specific facts to support its conclusions. *Kaylor v. Fields*, 661 F.2d 1177, 1183 (8th Cir. 1981).

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging violation of his Eighth Amendment rights. Named as defendants are Warden Troy Steele, Nurse Heather Turnbolt, Assistant Director of Nursing Todd Renshaw, Director of Nursing Dorothy Barton, Deputy Warden Joe Hoffmeister, Corrections Officers Sandra Boylan and Cindy Miller, and Corizon.

Plaintiff has submitted his complaint in several parts. He submitted a complaint form (Docket No. 1), a Table of Contents (Docket No. 1, Attach. 2), a Statement of Facts Part One and a Statement of Facts Part Two (Docket No. 1, Attachs. 3 and 4), and Claims One through Eight (Docket No. 1, Attachs. 5 – 12). Plaintiff begins each of Claims One through Eight by naming a specific defendant, and then setting forth, in a very clear and comprehensive fashion, all of the claims he has against that defendant. In total, the complaint spans 52 pages. Plaintiff also attached copies of grievance paperwork, and other correspondence. (Docket No. 1, Attachs. 15 and 17).

All of plaintiff's claims stem from a December 15, 2015 incident that occurred while plaintiff was in a handicap-accessible shower stall using a shower bench that was affixed to the wall. Plaintiff alleges that the bench broke free from the wall, causing plaintiff to fall, hit his

head, and injure his lower back, tail bone, neck and hips. Plaintiff alleges that he also suffers from multiple chronic health problems.

The morning after the accident, December 16, 2015, plaintiff went to the medical department and was seen by Turnbolt, a nurse, who sent plaintiff to have x-rays performed. On December 18, 2016, plaintiff returned to the medical department and was seen for complaints of severe pain, and given a work excuse. Plaintiff acknowledges that he was given pain medication, but complains that it "leaves him with no knowledge on how sever [*sic*] the damages to his body has become." (Docket No. 1, Attach. 3 at 8). Plaintiff repeatedly states that he should have initially received x-rays of additional parts of his body, should have been sent to see a specialist, and should have received an MRI and a CT Scan. He also complains that he was not assigned a wheelchair until three months after the incident.

Plaintiff alleges that he filed Informal Resolution Requests ("IRRs") stemming from the fall and his subsequent medical treatment. In his Statement of Facts Part One, plaintiff acknowledges that, in response to one IRR, he was told that no acute issues were identified on x-ray. In his Statement of Facts Part Two, plaintiff quotes Hoffmeister's response to a grievance as follows: "I found that although, the Handicap Shower Bench breaking while you were showering is an unfortunate event, your medical needs were addressed by Medical and ERDCC 15-2333 is currently addressing any other Medical requests regarding this event in the Grievance Appeals stage." (Docket No. 1, Attach. 4 at 6). Plaintiff alleges that Hoffmeister further advised that the shower bench in question had been repaired, and that consequential and punitive damages would not be offered to him. (*Id.* at 7). Plaintiff discusses at great length the grievances he filed and the manner in which they were handled, but never states that he was completely precluded from filing any sort of grievance.

4

Plaintiff attached a document entitled "Plaintiffs Claim for Damages." ((Docket No. 1, Attach. 14). Therein, plaintiff specifies that he intends to sue each defendant in his or her individual capacity. Plaintiff seeks an award of $50,000.00 each against Turnbolt, Renshaw, Barton, Boylan, and Hoffmeister, and he seeks an award of $100,000.00 each against Corizon, Miller, and Steele.

## Discussion

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Department of Social Services*, 436 U.S. 658, 685 (1978). Section 1983 provides no substantive rights; it merely provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983; *see also Albright v. Oliver*, 510 U.S. 266, 271 (1994) (42 U.S.C. § 1983 "merely provides a method for vindicating federal rights elsewhere conferred"). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

In Claims One through Eight, plaintiff alleges that defendants were deliberately indifferent to his serious medical needs, in violation of his Eighth Amendment rights. An Eighth Amendment claim that a prison official was deliberately indifferent to an inmate's serious medical need involves both an objective and a subjective component. *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997) (*citing Estelle v. Gamble*, 429 U.S. 97, 105 (1976) and *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). The plaintiff must demonstrate that he suffered from an objectively serious medical need, and that the "prison officials actually knew of but deliberately

disregarded" that need. *Popoalii v. Correctional Medical Services*, 512 F.3d 488, 499 (8th Cir. 2008). "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "[T]he failure to treat a medical condition does not constitute punishment within the meaning of the Eighth Amendment unless prison officials knew that the condition created an excessive risk to the inmate's health and then failed to act on that knowledge." *Long v. Nix*, 86 F.3d 761, 765 (8th Cir. 1996). Allegations amounting to only medical malpractice do not state a claim of constitutional magnitude; deliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct. *Popoalii*, 512 F.3d at 499 *(*citation omitted). The prisoner "must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Id.* (*quoting Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995)).

As noted above, this Court has a duty to dismiss this case at any time if it determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2). The Court now turns to the allegations in Claims One through Eight of the complaint.

**Claim One – Nurse Heather Turnbolt**

In Claim One, plaintiff alleges that he was seen by Turnbolt when he went to the medical department the morning after he fell. Plaintiff alleges that Turnbolt told him that she could not provide medical treatment and that there was no doctor or nurse practitioner currently available, but that she would send plaintiff to have x-rays performed. Plaintiff alleges that Turnbolt failed to initially order x-rays of every part of his body he claimed was injured, and also alleges that

she should have ordered an MRI and CT Scan. Plaintiff also alleges that Turnbolt told him she lacked the authority to issue him a wheelchair or give him a work excuse.

Plaintiff's claims against Turnbolt fail to rise to the level necessary to establish a prima facie claim that is actionable under the Eighth Amendment. Turnbolt did not deliberately disregard plaintiff's medical need; she told him that there was not a doctor or nurse practitioner available, and then took action to help plaintiff by sending him to have x-rays performed. Plaintiff's claim that Turnbolt failed to order all of the correct x-rays at most states a claim for medical malpractice, which is not actionable under the Eighth Amendment. *See Popoalii*, 512 F.3d at 499 (medical malpractice is not actionable under the Eighth Amendment). Plaintiff's claim that Turnbolt should have ordered additional or alternate testing evidences merely a disagreement with Turnbolt's medical treatment decision, which also fails to state a claim under the Eighth Amendment. *See Id.* Plaintiff's claims against Turnbolt will be dismissed.

**Claims Two, Three and Six – Todd Renshaw, Kathy Barton, and Joe Hoffmeister**

In Claim Two, plaintiff alleges that Todd Renshaw, assistant director of nursing, violated his Eighth Amendment rights when he denied plaintiff's grievance, stating that plaintiff had been evaluated and given a medical lay-in, had been given x-rays which revealed no acute issues, had seen a nurse practitioner for follow up care, and that he could file a request for medical treatment if he felt he needed more treatment. In Claim Three, plaintiff alleges that Kathy Barton, director of nursing, violated his Eighth Amendment rights when she did not overturn Renshaw's decision on plaintiff's grievance. Plaintiff theorizes that Barton could have concluded, based upon plaintiff's medical records, that he should have an MRI and be seen by a specialist. Plaintiff also alleges that Barton should have sent his grievance to be reviewed by another institution's medical department. In Claim Six, plaintiff alleges that Deputy Warden Joe Hoffmeister

violated his Eighth Amendment rights when he determined that plaintiff's grievance was duplicative of an earlier grievance, and by stating that although the fall in the shower was unfortunate, plaintiff was receiving medical treatment and the shower bench had been repaired. Plaintiff writes: "This claim is based on the Facts that Deputy Warden Joe Hoffmeister responded to Plaintiffs Grievance Appeal, as Acting Superintendent." (Docket No. 1, Attach. 10, at 1). Plaintiff does not allege that he was ever completely precluded from filing a grievance.

All of plaintiff's allegations in Claims Two, Three, and Six are related to the manner in which his grievances were handled, and the fact that they were not resolved in favor of granting his request to see a specialist, have an MRI, and have a CT Scan. Plaintiff has not set forth any facts indicating that Renshaw, Barton or Hoffmeister were directly involved in or personally responsible for the decision to not send him to a specialist or give him an MRI or a CT Scan. Rather, he seeks to hold these individuals liable for their failure to resolve his grievances in his favor. Inmates do not have a constitutionally protected right to the prison grievance process. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (inmate's allegation that defendant's denial of his grievances failed to state a substantive constitutional claim); *see also Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991). Also, as discussed above, plaintiff's complaints that he was not permitted to see a specialist, have an MRI, and/or have a CT Scan amount to nothing more than his disagreement about the treatment decisions made by his treatment providers. Such allegations do not state a claim of constitutional significance. *See Popoalii*, 512 F.3d at 499 (medical malpractice and disagreement with treatment decisions are not actionable under the Eighth Amendment). Plaintiff's allegations in Claims Two, Three and Six against Renshaw, Barton and Hoffmeister will therefore be dismissed.

**Claim Four – Corizon**

In Claim Four, plaintiff sues Corizon for violation of his Eighth Amendment rights, alleging that he was denied "adequate medical treatment" because his requests to see a specialist and have an MRI were denied. (Docket No. 1, Attach. 8). Plaintiff alleges that Corizon's policies and procedures did not allow medical staff to approve his requests because they require every procedure to be approved by Corizon's main office. Plaintiff states that the facts supporting his claim are based upon responses he received to his IRRs and grievances that stated that his complaint and his medical records had been reviewed. Plaintiff alleges that Corizon's failure to grant his request to have an MRI shows deliberate indifference.

To state a claim against Corizon, plaintiff must allege that a policy or custom of Corizon was responsible for a constitutional violation. *Crumpley–Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004) (*citing Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 690 (1978)). As discussed above, plaintiff's allegations that he was not permitted to see a specialist or have an MRI or CT Scan amount to nothing more than his disagreement with the treatment decisions that were made. Such allegations fail to implicate a federal constitutional or statutory right. *See Popoalii*, 512 F.3d at 499. Because plaintiff's allegations regarding the health care decisions that were made fall short of alleging a constitutional violation, there can be no claim against Corizon for any policies and procedures leading to those decisions. Finally, plaintiff's allegations that Corizon's "policies and procedures" were the reason for the denial of his requests to see a specialist and to have an MRI and CT Scan are merely conclusory. To state a claim for relief, a complaint must plead more than "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere

conclusory statements." *Iqbal*, 556 U.S. at 678. Plaintiff's allegations against Corizon will be dismissed.

**Claim Five – Sandra Boylan**

In Claim Five, plaintiff alleges that corrections officer Sandra Boylan violated his Eighth Amendment rights when she failed to follow the policies of the Missouri Department of Corrections when she failed to file an incident report after plaintiff fell in the shower. These allegations fail to state a claim of constitutional magnitude. It is well established that there is no federal constitutional liberty interest in having state officers follow state law or having prison officials follow prison regulations. *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (*citing Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996)); *see also Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997) (failure to follow prison policy is not basis for § 1983 liability).

Plaintiff also alleges that Boylan violated his Eighth Amendment rights when she did not send him to the medical department immediately after he fell. However, in his statements of fact, he acknowledges that he was seen in the medical department the following morning, and that he continued to receive follow up medical care and was given pain medication. Plaintiff does not allege that the brief delay in treatment was responsible for aggravating his condition. "The Constitution does not require jailers to handle every medical complaint as quickly as each inmate might wish." *Jenkins v. County of Hennepin, Minn.*, 557 F.3d 628, 632 (8th Cir. 2009) (*citing Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006)). A delay as brief and as non-detrimental as plaintiff alleges does not state a claim for deliberate indifference to his serious medical needs. *See Johnson*, 452 F.3d at 973 (concluding that a one-month delay in treating a fractured finger did not rise to a constitutional violation); *Givens v. Jones*, 900 F.2d 1229, 1233 (8th Cir. 1990) (finding that a prisoner's claim for delay of one month between complaint of leg

pain and visit with doctor was insufficient to state a constitutional claim absent allegations the condition required immediate attention or the delay in treatment aggravated the condition). Plaintiff's claim against Boylan will be dismissed.

**Claim Seven – Superintendent Troy Steele**

In Claim Seven, plaintiff alleges that Superintendent Troy Steele violated his Eighth Amendment right to adequate medical care, under a theory of respondeat superior. Specifically, plaintiff alleges that Steele had a duty to "establish and administer policies for the institution under his control, to which will make him liable for any action taken by his subordinate employees." (Docket No. 1, Attach. 11, at 5). Plaintiff then sets forth numerous pages of facts concerning the denials of his requests to see a specialist and have an MRI and CT Scan, alleging that Steele saw his grievance appeal and should have arranged for his requests to be granted.

Plaintiff's allegations against Steele sound in respondeat superior. He does not allege that Steele was causally linked to, or that he bore any personal responsibility for, the denial of his requests to receive the medical care he thought he should have. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). To be cognizable under § 1983, a claim must allege that the defendant was personally involved in or directly responsible for the incidents that deprived the plaintiff of his constitutional rights. *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985). Claims sounding in respondeat superior are not cognizable under § 1983. *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995). Even if it could be said that plaintiff alleged Steele's personal responsibility, plaintiff's claim would fail. As discussed above, plaintiff's allegations that he was not permitted to see a specialist or have an MRI or CT Scan amount to nothing more than his disagreement with the treatment decisions that were made, allegations that fail to

implicate a federal constitutional or statutory right. *See Popoalii*, 512 F.3d at 499. There is no basis for allowing plaintiff's claim against Steele to proceed, and it will be dismissed.

**Claim Eight – Cindy Miller**

Claim Eight is alleged against Cindy Miller, a corrections officer, for violation of plaintiff's Eighth Amendment rights. Plaintiff alleges that another inmate, Dauglas Parker, told him that he (Parker) told Miller in November of 2015 that the handicap shower bench was coming out of the wall, and that Miller said she would put in a work order. Plaintiff alleges that the maintenance department never arrived to fix the bench before his fall, and concludes that the bench was not fixed because Miller failed to put in the work order. In support of Claim Eight, plaintiff submits Parker's declaration. (Docket No. 1, Attach. 13).

Plaintiff's allegations that Miller failed to prepare a work order and that such failure was the reason the shower bench went unrepaired are conclusory at best. *See Iqbal*, 556 U.S. at 678 (to state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements"). Giving plaintiff's allegations against Miller the benefit of a liberal construction, the Court concludes that they allege nothing more than a "mere possibility of misconduct," and they therefore fail to demonstrate a plausible claim for relief. *Id.* at 679. Plaintiff's claim against Miller will be dismissed.

**Conclusion**

After carefully reading the complaint and giving plaintiff the benefit of a liberal construction, the Court concludes that the claims plaintiff wishes to bring are neither plausible nor viable under 42 U.S.C. § 1983. Plaintiff's complaint was obviously very carefully and thoughtfully prepared. He sets forth his allegations against each defendant, and the facts in

support thereof, in a comprehensive fashion. He is very clear about the specific claims he wishes to bring against each defendant. It is therefore apparent that the problems with the complaint would not be cured by permitting plaintiff to file an amended pleading. Plaintiff's complaint will therefore be dismissed, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $6.65 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion for the appointment of counsel (Docket No. 4) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that plaintiff's complaint and all of his causes of action against all defendants are **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 19th day of January, 2017.

CATHERINE D. PERRY  
UNITED STATES DISTRICT JUDGE